## IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Thomas M. KELLS, Attorney at Law.

Supreme Court

*No. 84–1319–D. Filed April 8, 1986.*
(Also reported in 384 N.W.2d 347.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee in this disciplinary proceeding recommended that the license of Attorney Thomas M. Kells to practice law in Wisconsin be suspended for six months for unprofessional conduct consisting of the following: engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, failing to maintain a client trust account, failing to deposit settlement proceeds in a trust account and promptly notify his client's assignee of the receipt of the proceeds, neglecting a cli-

ent's legal matter, failing to respond to inquiries of the Board of Attorneys Professional Responsibility (Board) in its investigation of a grievance, and engaging in the practice of law while suspended from membership in the state bar. In making that recommendation, the referee stated that he "would have been disposed to recommend a lengthier suspension but for the Board's recommendation [that Attorney Kells' license be suspended for six months]." We conclude that a six-month suspension is insufficient discipline in response to Attorney Kells' unprofessional conduct, and we impose a suspension for a period of two years.

Attorney Kells was licensed to practice law in Wisconsin in 1953 and practices in Milwaukee. He has not previously been the subject of attorney disciplinary proceedings. The referee is Attorney Stewart G. Honeck.

Attorney Kells and the Board stipulated to the facts in this proceeding, and the referee made findings accordingly. In 1975 Bulk Transport Company (Bulk) claimed that a man with whom it had dealt was guilty of defalcations and fraudulent dealings. That man retained Attorney Kells to represent him in the matter, and Attorney Kells entered into a settlement pursuant to which the client executed an assignment to Bulk of the net proceeds of all claims it had against another company. The assignment required the client to actively pursue its claim against the other company and to keep Bulk or its attorney fully advised of all matters relating to the claim.

When Attorney Kells received and negotiated two checks, totaling $9,017.15, in full settlement of his client's claim against the other company, he deposited the proceeds into his personal checking account and used

those funds for his personal use. He never notified Bulk or its attorneys of the settlement nor of his receipt of the proceeds. Bulk subsequently brought a civil action against Attorney Kells for conversion of the settlement proceeds and obtained judgment in its favor.

The referee concluded that Attorney Kells engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4), that he failed to maintain a client trust account, in violation of SCR 11.05, and that he failed to deposit the settlement proceeds in a trust account and promptly notify his client's assignee of the receipt of the settlement proceeds, in violation of SCR 20.50(1) and (2).

In another matter, Attorney Kells represented a party in a civil action in 1983. In April of that year the judge was informed by one of the parties that the matter had been settled and that a stipulation and order of dismissal was being circulated among the parties' counsel and would be presented to the court. The judge then canceled the trial, which had been scheduled for May 17. When the defendants in the action, one of whom was represented by Attorney Kells, failed to timely pay the settlement amount, counsel for the plaintiff asked the judge on May 18, 1983, to reschedule the matter for trial. However, as of May 20, 1983, all payments under the settlement agreement had been made, with the exception of the funds to be paid by Attorney Kells' client. Those funds were ultimately paid by August 17, 1983.

As of May 27, 1983, a stipulation for the dismissal of the action had been sent to Attorney Kells, and beginning August 3, 1983, the judge began inquiring into the reason the stipulation for dismissal had not been filed. When he learned the stipulation was in Attorney

Kells' office, the judge's office called Attorney Kells four times, leaving messages each time for the attorney to contact the judge. Attorney Kells failed to respond to the court's inquiries or to forward the stipulation for dismissal to the court.

The judge contacted the Board of Attorneys Professional Responsibility concerning Attorney Kells' failure to respond to his inquiries. Attorney Kells failed to respond to inquiries from the Board concerning the matter until served with a subpoena three months after the first inquiry. The referee concluded that Attorney Kells neglected the client's legal matter, in violation of SCR 20.32(3), and violated SCR 22.07(2) by failing to respond to the Board.

The referee also concluded that Attorney Kells engaged in the practice of law during a period of time when he was suspended from membership in the state bar, in violation of SCR 22.26(2). Attorney Kells was suspended from membership in the state bar on December 5, 1983, for having failed to report attendance at required continuing legal education programs, pursuant to SCR 31.06. During the subsequent two-month period of suspension, Attorney Kells signed and filed a petition for review in the supreme court on behalf of a client.

The parties had stipulated that the Board would recommend to the referee that a six-month suspension of Attorney Kells' license would be appropriate discipline. Accordingly, the referee recommended that Attorney Kells' license to practice law be suspended for six months, effective the date of the issuance of the court's order for discipline, and that he be required to pay the costs of the disciplinary proceeding. On January 16, 1986, the court ordered the parties to show

cause why the license of Attorney Kells should not be revoked for his unprofessional conduct in these matters. The Board filed a response; Attorney Kells did not.

In its response, the Board argued that a six-month suspension of Attorney Kells' license would constitute appropriate discipline under the circumstances. The Board took the position that, as part of the stipulation it had entered into with Attorney Kells, it had agreed to recommend to the referee that he, in turn, recommend to the court that Attorney Kells' license be suspended for six months. Further, the Board noted Attorney Kells' "professed remorse and willingness to stipulate," as well as the fact that a six-month suspension will require that Attorney Kells be reinstated by order of the court and then only after demonstrating that his resumption of the practice of law will not be detrimental to the administration of justice or adversely affect the public interest.

With respect to Attorney Kells' misconduct, the Board argued that his conversion of the $9,000 of settlement proceeds is factually distinguishable from other disciplinary cases in which attorneys had converted client funds. Specifically, the Board stated that this conversion did not constitute a fraud on the client, as the client was aware of the receipt of the settlement funds and agreed to Attorney Kells' retention of those funds as payment for past legal services. Rather, the Board contended, the conversion constituted a fraud upon a third party with whom Attorney Kells' client had contracted to pay the settlement sums.

We note, however, that Attorney Kells took an active part in settlement of the third party's claim against his client. He represented the client when the

claim was settled; moreover, acting under a general power of attorney, Attorney Kells executed the assignment on behalf of his client. Having participated in the negotiation of the settlement and having himself executed the assignment, Attorney Kells' subsequent actions are no less serious than had he converted the client's funds to his own use. Viewed another way, Attorney Kells actively assisted his client in defrauding the third party.

Of particular concern in the Board's response is its articulated belief that it is "duty bound and honor bound" to continue recommending that the court impose a six-month suspension for the reason that it had originally agreed to make that recommendation to the referee as part of the stipulation with Attorney Kells. The Board acknowledged, however, that the determination of appropriate discipline is ultimately that of this court, and it stated that Attorney Kells clearly understood and agreed that this court would not be bound by any stipulation of the parties or by any recommendation as to discipline made by the referee.

While we express no disapproval of the inclusion of a recommendation for discipline in a stipulation between the Board and the respondent attorney in a disciplinary proceeding, it would be helpful to the referee, no less than to the court, if the agreement with respect to discipline set forth those factors the Board considered sufficient to warrant a specific recommendation for discipline. It would be on the basis of those factors that a particular disciplinary proceeding could be distinguished from prior proceedings involving similar unprofessional conduct, so as to warrant the imposition of less severe discipline than had been imposed in those prior cases.

We accept the referee's findings of fact and conclusions of law, but we conclude that the recommended discipline is insufficient with respect to Attorney Kells' misconduct. That misconduct, we determine, warrants a two-year suspension of Attorney Kells' license to practice law.

IT IS ORDERED that the license of Thomas M. Kells to practice law in Wisconsin is suspended for two years, commencing May 1, 1986.

IT IS FURTHER ORDERED that within 120 days of the date of this order Thomas M. Kells pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within the time specified, the license of Thomas M. Kells to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Thomas M. Kells comply with the provisions of SCR 22.26 concerning the requirements of a person whose license to practice law in Wisconsin has been suspended.

STEINMETZ, J. (*dissenting*). I am unable to distinguish between the egregiousness of an attorney's conduct of converting $9,000 in funds of a third party and the $9,000 conversion of his client's funds. I would therefore, consistent with the similar cases of the conversion of clients' funds considered by this court and the disciplines imposed therein, revoke Attorney Kells' license because of his unprofessional conduct. I dissent.

LOUIS J. CECI, J. (*dissenting*). I would revoke Attorney Kells' license because of his unprofessional conduct.

It is difficult to comprehend how Attorney Kells' conversion of $9,000, when coupled with the other described misconduct, including his continuing to practice law while under suspension, warrants discipline any less severe than similar conversions of client funds previously considered by this court. I grant that there was no breach of trust in an attorney-client relationship here; however, the assignee of the client's claim most likely relied on Attorney Kells' professional participation in negotiating the assignment in order to settle its claims against the client. Accordingly, I dissent.